IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BERTHA GRANT,                      )
AIS #147759,                       )
                                   )
        Petitioner,                )
                                   )
    v.                             )        CASE NO. 2:09-CV-421-WHA
                                   )                [WO]
                                   )
CYNTHIA WHEELER-WHITE, et al.,     )
                                   )
        Respondents.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Bertha Grant ["Grant"], a state inmate, on May 7, 2009.[1]  In this habeas petition, Grant challenges the constitutionality of a sentence imposed upon her on August 10, 2007 by the Circuit Court of Jefferson County, Alabama for second degree theft of property.  Grant also seeks an additional award of time-served credit towards this sentence and requests amendment of her sentence based on the completion of a therapeutic prison program.

---

[1] Although the Clerk of this court stamped the present petition "received" on May 11, 2009, Grant certified she placed the petition in the prison mail system on May 7, 2009.  *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 15.  The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day" Grant certified she undertook such action.  *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers May 7, 2009 as the date of filing.

# DISCUSSION

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner.  28 U.S.C. § 2241(d). Initially, Grant alleges the sentence imposed upon her by the Circuit Court of Jefferson County, Alabama for second degree theft of property is "unfair pertaining to the length of [the] sentence."  *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 5.  Grant next contends the amount of credit granted to her by the trial court towards service of this sentence is incorrect.  Specifically, Grant requests that the Circuit Court of Jefferson County, Alabama be required to award her additional credit towards her sentence "for [her] pretrial/probation time which was from 9-05 to 7-07...."  *Id*. at 7.  Moreover, Grant seeks amendment of her sentence because she successfully completed a therapeutic prison program.  *Id*. at 8.  Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  In light of the foregoing, the court concludes that transfer of this case to such other court for review and disposition is appropriate.[2]

---

[2]In transferring the instant case, this court makes no determination regarding the merits of the petitioner's claims for relief nor whether the petitioner has exhausted available state court remedies with respect to each of the her claims for relief prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

# CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[3]

It is further

ORDERED that on or before May 25, 2009, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds*

---

[3]The petitioner filed neither the requisite filing fee nor an affidavit in support of a request for leave to proceed *in forma pauperis*.  However, under the circumstances of this case, matters related to the petitioner's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.  Thus, this court will not address the petitioner's failure to submit documents necessary to a determination of her *in forma pauperis* status.

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 12th day of May, 2009.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE